**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MARIE ANN R.**

       **Plaintiff,**       **22-CV-06153-HKS**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

## <u>DECISION AND ORDER</u>

   As set forth in the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #12.

   By Decision and Order entered June 18, 2024, the Court denied plaintiff's motion for judgment on the pleadings and granted the Commissioner's motion for judgment on the pleadings. Dkt. #15. Judgment was entered on June 20, 2024. Dkt. #16.

   By letter dated June 25, 2024, counsel provided plaintiff with a copy of the decision and judgment and advised plaintiff counsel would not appeal the decision or take any other action on plaintiff's behalf to attempt to obtain Social Security benefits for plaintiff. Dkt. #17, p.2. Counsel further advised that if plaintiff wanted to appeal the

decision, the deadline       to do so was August 19, 2024 and that she would waive her right to appeal if an appeal was not filed on or before that date. Dkt. #17, p.2.

By letter dated August 21, 2024 and filed on August 26, 2024, plaintiff seeks an extension of the deadline for her to appeal, explaining that it took time to find a firm willing to take a federal appeal and that such firm just received the necessary documents from prior counsel. Dkt. #17.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides that in a civil case, the notice of appeal for a case where one of the parties is an agency of the United States must be filed within 60 days after entry of the judgment appealed from. The district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by Rule 4(a)(1) and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). If the motion is granted, the extension may not exceed 30 days after the original deadline or 14 days after the entry of the order granting the motion to extend the deadline is entered. 4(a)(5)(C).

The good cause standard applies when the need for an extension arises from factors outside the control of the movant. *Alexander v. Saul*, 5 4th 139, 147 (2d Cir. 2021), *cert. denied,* 142 S.Ct. 1461 (2022). Thus, courts decline to apply the good cause standard in cases where the movant's failure to file a timely appeal is at least partially attributable to the movant's own inadvertance. *Id.* Where the need for an extension results from factors within the movant's control, the excusable neglect standard applies. *Alexander v. Saul*, 5 4th 139, 142 (2d Cir. 2021). To determine whether excusable neglect has been established, the court considers four factors: (1)

-2-

the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id., citing Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The third factor is afforded the most weight. *Id.* at 149. Because the requirement of filing a timely notice of appeal is mandatory and jurisdictional, the Court of Appeals takes a hard line in applying these factors, expecting that a party claiming excusable neglect will ordinarily lose. *Id.* at 148*, citing Bowles v. Russell*, 551 U.S. 205, 207 (2007).

Plaintiff has moved for an extension within 30 days of the deadline for filing her notice of appeal. Given that plaintiff's excuse for missing the deadline requires consideration of her actions following receipt of notice of the deadline, the appropriate standard is excusable neglect. While there is no evidence of bad faith and it seems unlikely that the short delay could prejudice the Commissioner or impact judicial proceedings given the length of time that this matter has already been pending and the fixed evidence of record, plaintiff's reason for the delay in filing her appeal does not demonstrate excusable neglect. Although it is understandable that plaintiff preferred to retain new counsel to file the appeal on her behalf, her inability to do so did not prevent her from filing the appeal within the deadline. Stated another way, plaintiff has not proffered any reason why she could not have filed a timely notice of appeal on her own behalf even as she sought new representation. As plaintiff's failure to file an appeal cannot be deemed beyond her reasonable control, a finding of excusable neglect is not

warranted. *See, e.g., Diedrich v. Kluwer*, 23-CV2024 WL 28839885 (S.D.N.Y. May 8, 2024) (declining to grant extension where plaintiff failed to demonstrate that his *pro se* status impeded his ability to file an appeal).


**SO ORDERED.**

**DATED:** **Buffalo, New York**
**September 3, 2024**

                                      **  s/ H. Kenneth Schroeder, Jr.  **
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**